**KENTUCKY BAR ASSOCIATION,**
Complainant

v.

**Charles P. MAUZY, Respondent.**

**No. 95–SC–571–KB.**

Supreme Court of Kentucky.

Nov. 22, 1995.

David B. Pearce, Kentucky Bar Ass'n Frankfort, for complainant.

Charles P. Mauzy, Louisville, for respondent.

## OPINION AND ORDER

This is a disciplinary case in which Charles P. Mauzy of Louisville was charged with neglect of a divorce case in violation of SCR 3.130–1.3 which requires due diligence. He was also charged with violation of SCR 3.130–1.4(a) and (b) which requires an attorney to keep a client reasonably informed about the status of a case, promptly comply with reasonable requests for information, and to explain a matter to the extent necessary to permit the client to make informed decisions about the representation.

In January of 1993, Mauzy was hired to represent a client in a divorce action. He obtained the entry of the divorce decree on June 7, 1993, but thereafter failed to properly complete the divorce. During the period from July, 1993 through October, 1994, the client made frequent and unsuccessful attempts to communicate with Mauzy concerning the course of the representation and the status of the action. Numerous telephone calls were made from Texas to the office of the lawyer. The client also wrote the lawyer on several occasions requesting information. All of these requests for information went unanswered.

Mauzy failed to complete his representation properly as follows:

First, he failed to collect unpaid maintenance because he did not supplement the record pursuant to the Order of the Oldham Circuit Court and took no further action on the issue of unpaid maintenance or wage assignment.

Second, the wife was dropped from her ex-husband's health insurance plan and was uninsured for 16 months. It was not necessary for her to be dropped from the plan, and she would have been insured if Mauzy had presented her ex-husband's employer with the proper documentation.

Third, Mauzy failed to prepare a Qualified Domestic Relations Order or to take any action to secure the wife's fifty percent interest in her ex-husband's 401–K plan.

Finally, Mauzy was unresponsive to his client's request for assistance and took no action to force her ex-husband to comply with his responsibility regarding payment of medical expenses on behalf of her children. Ultimately, the wife had to retain another attorney to finish the job abandoned by Mauzy.

The Board of Governors of the Kentucky Bar Association unanimously found Mauzy guilty of two counts of unethical and unprofessional conduct. A majority of the Board also recommended a three months suspension.

Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association.

By failing to properly complete his client's divorce proceeding, Mauzy violated SCR 3.130–1.3 which requires reasonable diligence and promptness in representing a client. Mauzy also violated SCR 3.130–1.4(a) and (b) in that he failed to keep his client reasonably informed about the status of her claim and failed to comply with reasonable requests for information and to explain matters to the extent necessary to permit the client to make an informed decision about the representation. He failed to properly communicate with his client regarding the status of his representation in the legal matter entrusted to him.

IT IS THEREFORE ORDERED:

That the respondent, Charles P. Mauzy, be, and he is hereby suspended from the practice of law in Kentucky for a period of three (3) months, and until such further time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and to furnish photocopies of said letters of notice to the director of the Kentucky Bar Association.

The respondent is directed to pay the costs of this action in the amount of $34.79.

All concur.

ENTERED: November 22, 1995.

/s/ Robert F. Stephens
Chief Justice